THE DECATUR GASLIGHT AND COKE COMPANY

*v.*

THE CITY OF DECATUR.

*Filed at Springfield March 23, 1887.*

1.   CITY ORDINANCE—*construed, as to determining the price of gas.* An ordinance of a city giving a gas company the right to lay down and maintain gas pipes in the streets, etc., provided, that in consideration of such grant the gas company should furnish "gas of a quality at least equal to and at rates as favorable as that furnished by the Springfield Gaslight Company, in the city of Springfield." In 1867, when the ordinance was passed, the Springfield company charged and received $3.25 per one thousand cubic feet of gas, but since 1884 charged only $1.50 per thousand cubic feet. In a suit by the first named company, it claimed $2 per thousand cubic feet from May 1, 1885, to September 1, 1885:   *Held*, that the rate charged by the Springfield company in 1885 was to be taken as fixing the rate, and not its rate at the time of the passage of the ordinance.

2.   The provision in the ordinance, to furnish the city with gas at rates as favorable as the Springfield rates, means no more than that gas shall be furnished at "prices as low" as the current rates, from time to time, charged by the Springfield company, irrespective of any circumstances or conditions.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Macon county; the Hon. C. B. Smith, Judge, presiding.

Messrs CREA & EWING, for the appellant.

Mr. I. R. MILLS, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This suit was brought by the Decatur Gaslight and Coke Company, against the city of Decatur, to recover for gas furnished to the city. The cause was submitted to and tried by the court without the intervention of a jury, on a written stipulation of facts.

As appears by the stipulation, the Decatur Gaslight and Coke Company was created by a special act of the legislature,

in 1865, as "a body politic and corporate, with perpetual succession." On March 29, 1867, the city council of Decatur passed an ordinance giving the gas company authority to lay down and maintain gas pipes in the streets, alleys and public grounds of the city, and regulating the manner in which it should be done. The third section of said ordinance is as follows:

"That in consideration of the privilege herein granted, the said Decatur Gaslight and Coke Company, their assignee or assignees, shall furnish gas of a quality at least equal to and at rates as favorable as that furnished by the Springfield Gaslight Company, in the city of Springfield, Illinois. And they are to have the exclusive right to lay down and maintain their own pipes in said streets, lanes, alleys or other public grounds, from the taking effect of this ordinance, during and until the expiration of the charter of said company as now established."

The price charged for gas by the Springfield company mentioned in said section, at the time of the passage of the ordinance, was $3.25 per one thousand cubic feet. The Decatur Gaslight and Coke Company completed its works and commenced selling gas in 1868, and from that time the city of Decatur has used gas furnished by said company. The Springfield Gaslight Company, since February 4, 1884, has charged and received for gas furnished the city of Springfield and its inhabitants, the price of $1.50 per thousand cubic feet. This suit is for gas furnished between May 1, 1885, and September 1, 1885, at the price charged, of $2 per one thousand cubic feet.

It was agreed that in case the court should find that the plaintiff was limited in its charges for gas to the price charged by the Springfield Gaslight Company since February 4, 1884, viz., $1.50 per thousand cubic feet, then the judgment should be for the plaintiff, for the sum of $3427.20, and costs; that if the court should find the plaintiff was not thus limited in its charges, then the judgment should be for the plaintiff, for

$4569.60, and costs.   Judgment was rendered for the plain-
tiff for $3427.20, and costs, which was affirmed on appeal to
the Appellate Court for the Third District, and an appeal to
this court was taken by the plaintiff.

The sole question is upon the construction of this language
of the ordinance: "Gas of a quality at least equal to and
at rates as favorable as that furnished by the Springfield
company." In fixing the maximum price, what rate of the
Springfield company is to be the standard,—the rate of $3.25
per thousand, the charge by that company March 29, 1867,
the date of the passage of the ordinance, or the rate of $1.50
per thousand, the charge during the summer of 1885, the time
the gas in controversy was furnished? There is, no doubt,
some obscurity. The word "furnished," is used simply, with-
out qualification. Had the words "now," or "which shall be,"
been inserted before it, so as to read, "now furnished," or
"which shall be furnished," the meaning would have been
more explicit. We are satisfied with the construction adopted
by the courts below, as being the correct one,—that the rate
of the Springfield company at the time of the furnishing of
the gas should be taken, and not its rate at the time of the
passage of the ordinance. We think that to be the more nat-
ural and reasonable construction: that it was the intention of
the ordinance that the citizens of Decatur, in respect to the
quality and cheapness of their gas, should be as well dealt by
as were the citizens of Springfield by their company,—that
the former should have their gas as cheap and of as good
quality as the Springfield people have theirs; and not only
as good and cheap as the latter were then having theirs, but
as good and as cheap as they should be having it at any time
in the future. The price of gas in Springfield at the time was
doubtless known to the parties, and if it had been intended
to fix as the maximum rate the price at that time, we must
think the price would have been inserted in the ordinance.

If the rates mentioned are not to be taken as the then ex-
isting rates, but as the current rates at the time of furnishing

the gas, it is then insisted by appellant's counsel that the proper construction to be put upon the words, "at rates as favorable," is, that the Decatur company shall furnish gas at rates as favorable as the Springfield company shall furnish gas to Springfield under *like circumstances or conditions.* Under such a reading, how would the rates be determined? The circumstances and conditions would differ, of course. What would be the things which would have to be considered, how would they be ascertained, and how would it be determined to what extent their difference should affect the price? This would render the rates uncertain, and, it may be said, incapable of any definite ascertainment. The ordinance undertook to fix a standard of rates that was certain, practicable, and easily to be ascertained, and it did so in declaring the gas should be furnished at rates as favorable as the Springfield rates. "Rates as favorable," mean, no more than "prices as low,"—and that simply, irrespective of any circumstances or conditions. The interpolation of the words, "under like circumstances or conditions," which appellant's counsel would make in the ordinance, we regard as entirely unjustifiable.

The judgment will be affirmed.

*Judgment affirmed.*